# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40887
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALBERTO ELIZONDO-HERNANDEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.
PER CURIAM:

Alberto Elizondo-Hernandez pleaded guilty of being illegally present in the United States after removal. Over his objection, the district court applied a sixteen-level crime-of-violence ("COV") enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his Texas conviction of indecency with a child. The

No. 13-40887

court sentenced within the guideline range to a forty-six-month term of imprisonment.

Elizondo-Hernandez renews his contention that the court erred in applying the enhancement. He asserts that his indecency conviction is not a COV because the statute under which he was convicted, Texas Penal Code § 21.11, permits conviction where the victim is under seventeen years of age (as distinguished from under sixteen). He also contends that his conviction does not fit the generic contemporary definition of "sexual abuse of a minor" because the Texas statute does not require an age differential of at least four years between the victim and the perpetrator. As Elizondo-Hernandez concedes, these arguments are foreclosed. *See United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

Elizondo-Hernandez raises a third argument: The indecency statute punishes conduct that does not constitute "abuse" within the meaning of "sexual abuse of a minor." He asserts that the state-court documents cannot be used to narrow the basis of his conviction and that the least culpable act that gives rise to a violation of the indecency statute does not constitute "sexual abuse of a minor" or otherwise constitute a COV under § 2L1.2(b)(1)(A)(ii).

Section 2L1.2(b)(1)(A)(ii) calls for a sixteen-level increase in the base level if the defendant previously was removed after being convicted of a COV. § 2L1.2(b)(1)(A)(ii). The Application Notes, in relevant part, define a COV as (1) any specific enumerated offense, including "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, [and] sexual abuse of a minor[.]" § 2L1.2, comment. (n.1(B)(iii)). We review *de novo* the district court's characterization of an offense as a COV. *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

Generally, courts employ a categorical approach when classifying a

2

conviction for enhancement purposes, *see Taylor v. United States*, 495 U.S. 575, 602 (1990), and "the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct," *Rodriguez*, 711 F.3d at 549. If a statute has disjunctive subsections, we may apply a modified categorical approach to ascertain under which statutory subsection the defendant was convicted. *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012). We may review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). If the statute of conviction cannot be narrowed, we consider "whether the least culpable act constituting a violation of that statute constitutes" a COV for purposes of § 2L1.2. *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (internal quotation marks and citations omitted).

The state judgment specifies that Elizondo-Hernandez was convicted of a second-degree felony; utilizing that document, as we are permitted to do under the modified categorical approach, we deduce that he was convicted of the offense of indecency with a minor by contact, a violation of Texas Penal Code § 21.11(a)(1). *See United States v. Garcia-Arrellano*, 522 F.3d 477, 480 (5th Cir. 2008); *Carpenter v. State*, 783 S.W.2d 232, 232 (Tex. App.—Dallas 1989, no writ). That offense is a COV for purposes of the § 2L1.2(b)(1)(A)(ii) enhancement. *See United States v. Najera-Najera*, 519 F.3d 509, 511−12 & n.2 (5th Cir. 2008). This determination was not altered by *Rodriguez*, which created a new plain-meaning approach for offense categories that were not defined at common law, such as sexual abuse of a minor. *See Rodriguez*, 711 F.3d at 549 & n.9. Indeed, after *Rodriguez* we have affirmed the imposition of an enhancement under § 2L1.2(b)(1)(A)(ii) where the defendant had a conviction under a statute similar to the Texas statute at issue here. *See United*

*States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). Elizondo-Hernandez has not established error in the imposition of the COV enhancement.

Elizondo-Hernandez also contends that the district court erred in treating his Texas conviction of indecency with a child as an aggravated felony under 8 U.S.C. § 1101(a)(43) and that, accordingly, we should remand for entry of judgment under 8 U.S.C. § 1326(b)(1). Elizondo-Hernandez is seemingly laboring under the misconception that the court sentenced him under § 1326(b)(2), which provides for a maximum of twenty years' imprisonment for an alien "whose removal was subsequent to a conviction for commission of an aggravated felony." The judgment, however, makes no mention of § 1326(b)(2), and the sentence is within the ten-year statutory maximum in § 1326(b)(1).

In any event, Elizondo-Hernandez's claim that the court erred in treating his conviction under Texas Penal Code § 21.11(a)(1) as an aggravated felony fails under *United States v. Velasquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996), in which we determined "categorically that indecency with a child involving sexual contact, under Section 21.11(a)(1) of the Texas Penal Code, is a [COV] within the meaning of 18 U.S.C. 16(b)." To the extent that the court treated the Texas conviction as an aggravated felony, Elizondo-Hernandez has failed to show error. *See* 8 U.S.C. § 1101(a)(43)(F).

AFFIRMED.