# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20534
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE VICTOR CISNEROS-CASTILLO, also known as Jose Victor Castillo
Cisneros, also known as Jose Victor Castillo-Cisneros, also known as Jose
Victor Cisneros, also known as Jose Cisneros, also known as Jose Cisneros-
Castillo, also known as Jose Victor Cisneros Castillo, also known as Jose Victor
Magna,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-242-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Victor Cisneros-Castillo (Cisneros) pleaded
guilty to illegal reentry by a previously deported alien. The district court
applied a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

determining that Cisneros's prior Texas conviction for indecency with a child was a crime of violence. Concluding that his criminal history was under-represented, the court sentenced Cisneros to 62 months of imprisonment, above the applicable guidelines range.

On appeal, Cisneros contends that the district court erred in applying the 12-level enhancement under § 2L1.2(b)(1)(A)(ii). He asserts that his conviction for indecency with a child is not a crime of violence because the statute under which he was convicted, Texas Penal Code § 21.11, includes conduct that does not constitute "abuse" within the meaning of "sexual abuse of a minor." He also contends that because the Texas statute does not require an age differential of at least four years between the victim and the perpetrator, it does not constitute sexual abuse of minor. Cisneros claims further that violation of § 21.11 is not a crime of violence because that section permits a conviction when the victim is under 17 years of age, as opposed to 16 years of age. He concludes that the district court erred in treating the Texas conviction as an aggravated felony for purposes of the enhanced penalty provision of 8 U.S.C. § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43).

The Sentencing Guidelines call for a 12-level increase in a defendant's base offense level if he previously was removed after being convicted of a crime of violence and the conviction was not assigned any criminal history points. § 2L1.2(b)(1)(A)(ii). The Application Notes define a crime of violence, in relevant part, as any specifically enumerated offense, including "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, [and] sexual abuse of a minor[.]" § 2L1.2, comment. (n.1(B)(iii)).

No. 13-20534

Cisneros raises his sentencing challenges for the first time on appeal, so we review for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Generally, courts employ a categorical approach when classifying a prior conviction for sentence enhancement purposes. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). Under *Taylor*'s categorical approach, "the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). If a statute has disjunctive subsections, we may apply a modified categorical approach to ascertain under which statutory subsection the defendant was convicted. *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012). If the statute of conviction cannot be narrowed, we consider "whether the least culpable act constituting a violation of that statute constitutes" a crime of violence for purposes of § 2L1.2. *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (internal quotation marks and citations omitted).

Cisneros was charged with aggravated sexual assault of a child, but he pleaded guilty to indecency with a child, in violation of Texas Penal Code § 21.11(a). Indecency with a child can be committed by contact, in violation of Texas Penal Code § 21.11(a)(1), or by exposure, in violation of Texas Penal Code § 21.11(a)(2). We have previously held that both offenses constitute sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii). *United States v.*

3

No. 13-20534

*Najera-Najera*, 519 F.3d 509, 512 & n.2 (5th Cir. 2008); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000).

In the wake of our en banc decision in *Rodriguez*, 711 F.3d at 548, which created a new plain-meaning approach for offense categories that were not defined at common law, a violation of § 21.11(a) constitutes sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii). *See United States v. Elizondo-Hernandez*, 755 F.3d 779, 782 (5th Cir. 2014). Cisneros has not established error, plain or otherwise, in the imposition of the crime of violence enhancement.

Cisneros's remaining contentions are likewise without merit. We have previously rejected the assertion that the Texas statute does not fit the generic contemporary definition of "sexual abuse of a minor" because it does not require an age differential of at least four years. We have also rejected the claim that a violation of the statute is not a crime of violence because it permits conviction when the victim is under 17 years old. *See Rodriguez*, 711 F.3d at 548. Neither did the district court err in treating Cisneros's conviction under § 21.11(a) as an aggravated felony for purposes of the increased penalty provisions of § 1326(b). *See Elizondo-Hernandez*, 755 F.3d at 782; *Zavala-Sustaita*, 214 F.3d at 603-07.

AFFIRMED.