# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICENTE RIOS-HERNANDEZ, also known as Vicente Rios, also known as Vicente Rios Hernandez, also known as Vicentie Rios-Hernandez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-215-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Vicente Rios-Hernandez pleaded guilty of being present illegally in the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). Over his objection, the district court applied a 16-level Sentencing Guideline enhancement, pursuant to Guideline § 2L1.2(b)(1)(A)(ii) ("If the defendant previously was deported, or unlawfully remained in the United States, after a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

crime of violence . . . increase by 16 levels . . . ".).  In that regard, the court determined that Rios' prior Texas conviction of indecency with a child under Texas Penal Code Ann. § 21.11 (West 2009) (criminalizing, *inter alia*, engaging in sexual contact with a child younger than 17 years of age) was a crime of violence.  Rios was sentenced to 60 months' imprisonment.

In contending that the court erred in applying the enhancement, Rios claims:  indecency with a child is not a crime of violence because Texas Penal Code Ann. § 21.11 is broader in scope than the generic meaning of "sexual abuse of a minor", by including conduct that does not constitute "abuse" within the meaning of "sexual abuse of a minor".  He also contends the court erred in treating the statute as an aggravated felony for purposes of the enhanced-penalty provision in 8 U.S.C. § 1326(b)(2).  Finally, Rios claims:  because his prior conviction is an element of his illegal reentry offense that he contends must be charged in the indictment, the district court erred in considering it during sentencing.  (Because each claim fails, we need not determine whether plain-error review applies or the claims were not adequately briefed here.)

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The district court's characterization of a prior offense as a crime of violence is reviewed *de novo*. *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

Guideline § 2L1.2(b)(1)(A)(ii) requires a 16-level increase in a defendant's base-offense level if he previously was removed after being convicted of a crime of violence. The Application Notes to the Guideline define a crime of violence, in relevant part, as any specific enumerated offense, including "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, [and] sexual abuse of a minor . . . ". U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

Generally, courts employ a categorical approach when classifying a prior conviction for sentencing-enhancement purposes. *Taylor v. United States*, 495 U.S. 575, 602 (1990). Under *Taylor*'s categorical approach, "the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct". *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). If a statute has disjunctive subsections, this court may apply a modified categorical approach to ascertain under which subsection defendant was convicted. *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012). Under that approach, a court may review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented". *Shepard v. United States*, 544 U.S. 13, 16 (2005). If the statute of conviction cannot be narrowed, our court considers "whether the least culpable act constituting a violation of that statute constitutes" a crime of violence for purposes of Guideline § 2L1.2. *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (citations and internal quotation marks omitted).

Utilizing the state-court indictment and criminal judgment, for purposes of the modified categorical approach, we conclude that Rios' prior conviction

was for the offense of indecency with a minor by contact, a violation of Texas Penal Code Ann. § 21.11(a)(1).  Our court has previously held that the offense defined in § 21.11(a)(1) constitutes sexual abuse of a minor for purposes of Guideline § 2L1.2(b)(1)(A)(ii).  *United States v. Najera-Najera*, 519 F.3d 509, 512 (5th Cir. 2008).  Further, our en banc decision in *Rodriguez*, which created a new plain-meaning approach for offense categories undefined at common law, did not alter our prior conclusion that a violation of § 21.11(a)(1) constitutes sexual abuse of a minor for purposes of Guideline § 2L1.2(b)(1)(A)(ii).  *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781–82 (5th Cir. 2014).  In the light of the foregoing, Rios has not established error in the imposition of the crime-of-violence enhancement.

Rios' other contentions are likewise without merit.  His claim that § 21.11(a)(1) does not fit the generic contemporary definition of "sexual abuse of a minor" because it is overly broad has been rejected by our court.  *See Rodriguez*, 711 F.3d at 548, 562 n.28.  Additionally, his claim that the court erred in treating his § 21.11(a)(1) conviction as an aggravated felony for purposes of the increased-penalty provisions of § 1326(b) is foreclosed by our precedent.  *See Elizondo-Hernandez*, 755 F.3d at 782 (discussing *United States v. Velazquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996)).  Finally, his assertion that a prior conviction is an element of an illegal reentry offense that must be charged in the indictment is contrary to *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), reaffirmed by our court in the wake of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).

AFFIRMED.

4