# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSALIO SANCHEZ SALAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-96-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rosalio Sanchez Salas appeals his 71-month sentence of imprisonment imposed following his guilty-plea conviction of illegal reentry into the United States after deportation. He argues that the district court characterized his prior Texas conviction for indecency with a child by contact as a crime of violence under U.S.S.G. § 2L1.2 based solely on the presentence report and without the documentation required by *Shepard v. United States*, 544 U.S. 13

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10164

(2005).  Because Sanchez Salas did not challenge the 16-level enhancement on these grounds in the district court, we review only for plain error.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 498-99 (5th Cir. 2012).  To establish plain error, Sanchez Salas must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Sanchez Salas makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

After Sanchez Salas filed his appeal, the Government supplemented the record with a number of documents relating to Sanchez Salas's prior conviction.  *See United States v. Garcia-Arellano*, 522 F.3d 477, 480 n.1 (5th Cir. 2008).  The indictment and the order on Sanchez Salas's plea of guilty demonstrate that he was convicted of the second degree felony of indecency with a child by contact, a violation of Texas Penal Code § 21.11(a)(1).  *See* TEX. PENAL CODE § 21.11(a)(1), (d); *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014).  We have previously held that a conviction under § 21.11(a)(1) is a crime of violence for purposes of § 2L1.2.  *See Elizondo-Hernandez*, 755 F.3d at 781.  Sanchez Salas, therefore, has failed to show a clear or obvious error in the district court's application of the 16-level enhancement.  *See Puckett*, 556 U.S. at 135 (2009).  Because he has failed to show error, we do not consider the remaining elements of the plain error analysis.  *See Garcia-Arellano*, 522 F.3d at 481.  The judgment of the district court is AFFIRMED.