**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Enrique VASQUEZ–MARTINEZ,**
**Defendant–Appellant.**

**No. 15–40172**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, GRAVES, and COSTA, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Enrique Vasquez–Martinez raises an argument that is foreclosed by *United States v. Rodriguez,* 711 F.3d 541, 562–63 & n. 28 (5th Cir.2013) (en banc), in which we held that the generic, contemporary definition of "sexual abuse of a minor" does not require the age of consent to be below 17 years old and does not include

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the asserted age-differential requirement. He also raises an argument that he concedes is foreclosed by *United States v. Elizondo–Hernandez,* 755 F.3d 779, 782 (5th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 1011, 190 L.Ed.2d 881 (2015), which held that the Texas offense of indecency with a child by contact satisfied the generic definition of "sexual abuse of a minor." The motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.