# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

No. 16-41547
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES ABRAHAM HERNANDEZ-VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-439-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Andres Abraham Hernandez-Vasquez pleaded guilty to illegal reentry, and the district court sentenced him to 36 months of imprisonment and three years of supervised release. The sentence was an upward variance from a guidelines range of 15 to 21 months. Hernandez-Vasquez raises two issues on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41547

First, Hernandez-Vasquez argues that the district court imposed a substantively unreasonable sentence because his sentence represents a clear error of judgment in balancing the 18 U.S.C § 3553(a) sentencing factors. He contends that the district court gave too much weight to deterrence and public protection to be justified by his past criminal conduct and that the district court should have given more weight to these considerations: (1) this is his first illegal-reentry offense, (2) his prior New York conviction of rape in the second degree was non-violent, and (3) since his release from state custody in 2009, he has allegedly committed no similar offense.

The instant record reflects that the district court heard Hernandez-Vasquez's arguments and that it considered the § 3553(a) factors. It ultimately determined the above-guidelines sentence was warranted in light of the sentencing factors. This was not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "Though [Hernandez-Vasquez] may disagree with how the district court balanced the § 3553(a) factors, [his] argument that these factors should have been weighed differently is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016).

Second, Hernandez-Vasquez argues that his prior New York conviction of rape in the second degree was not an aggravated felony and that the district court therefore erred when it sentenced him under 8 U.S.C. § 1326(b)(2). He concedes that he did not raise this argument in the district court; we review this issue for plain error only. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

An "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43) by a long list of offenses that includes "sexual abuse of a minor." § 1101(a)(43)(A). Hernandez-Vasquez argues that his New York conviction does not meet the

generic definition of sexual abuse of a minor because the generic definition requires at least a four-year age difference between offender and victim and because consensual sex does not qualify as generic abuse.

Hernandez-Vasquez is correct that his arguments are foreclosed. *See United States v. Cabecera Rodriguez,* 711 F.3d 541, 559-60, 562 n.28 (5th Cir. 2013) (en banc) (rejecting four-year age differential requirement); *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781-82 (5th Cir. 2014) (per curiam) (holding that indecency with a child by contact was necessarily "abusive"). Although *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1572-73 (2017), held that "in the context of statutory rape offenses focused solely on the age of the participants, the generic federal definition of 'sexual abuse of a minor' under § 1101(a)(43)(A) requires the age of the victim to be less than 16," it did not decide "whether the generic crime of sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) includes an additional element of" a minimum age differential.  Hernandez-Vasquez has not demonstrated that the district court plainly erred by sentencing him under § 1326(b)(2).

AFFIRMED.