# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41261

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2015

Plaintiff - Appellee

Lyle W. Cayce
Clerk

v.

CARLOS JONATHAN QUINTANILLA-VENTURA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-525

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Jonathan Quintanilla-Ventura appeals his conviction and sentence for illegal reentry after conviction of an aggravated felony under 8 U.S.C. § 1326(b)(2). Because Quintanilla-Ventura has not established any effect on his substantial rights, we AFFIRM his conviction and sentence and REMAND to the district court for the limited purpose of correcting the judgment to reflect the correct offense of conviction as under § 1326(b)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41261

## I.

Quintanilla-Ventura is a Salvadoran citizen who pleaded guilty to unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b). In the presentence report (PSR), the probation officer recommended a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), predicated on Quintanilla-Ventura's 2007 state court conviction for attempted sexual assault in violation of Texas Penal Code § 22.011. The PSR identified a maximum term of imprisonment of 20 years and calculated the guideline sentencing range as 41 to 51 months.

The district court adopted the PSR—to which Quintanilla-Ventura did not object—and sentenced him to 51 months' imprisonment for violation of 8 U.S.C. § 1326(a) and (b)(2). Quintanilla-Ventura now argues that his 2007 conviction was not an aggravated felony, and the district court plainly erred by convicting him of violating § 1326(b)(2) rather than (b)(1).[1]

To demonstrate plain error, Quintanilla-Ventura must make four showings:

> First, there must be an error or defect—some sort of "[d]eviation from a legal rule"—that has not been intentionally relinquished or abandoned, *i.e.,* affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

---

[1] 8 U.S.C. § 1326(b)(2) establishes a maximum sentence of twenty years for reentry by an alien deported after conviction for an aggravated felony, while § 1326(b)(1) provides for up to ten years' imprisonment for aliens deported after conviction for certain misdemeanors or for a felony other than an aggravated felony.

2

No. 14-41261

*Puckett v. United States*, 556 U.S. 129, 135 (2009) (alterations in original) (citations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732–33, 734, 736 (1993)).

## II.

Applying the modified categorical approach, the parties agree that Quintanilla-Ventura's 2007 conviction was for violating § 22.011(a)(1) of the Texas Penal Code, which prohibits "intentionally or knowingly . . . caus[ing] the penetration of the anus or sexual organ of another person by any means, without that person's consent." Because consent may be lacking under the statute for reasons that do not involve a substantial risk of destructive or violent force, we have held that § 22.011(a)(1) is not categorically a crime of violence under 18 U.S.C. § 16(b). *Rodriguez v. Holder*, 705 F.3d 207 (5th Cir. 2013) (vacating removal order because conviction under § 22.011 did not establish that petitioner had necessarily been convicted of an aggravated felony). The 2007 indictment does not categorically establish that Quintanilla-Ventura was convicted of an aggravated felony. The district court therefore erred by convicting Quintanilla-Ventura under § 1326(b)(2).

Even assuming that such error was clear or obvious, however, Quintanilla-Ventura concedes that he cannot demonstrate any effect on his substantial rights.[2] Indeed, Quintanilla-Ventura was sentenced well below the maximum of ten years allowed under 8 U.S.C. § 1326(b)(1), and the district court at sentencing emphasized its concern about the seriousness of Quintanilla-Ventura's 2007 crime as the basis for his sentence. Nor has Quintanilla-Ventura argued that the error seriously affected the fairness,

---

[2] In light of this concession, Quintanilla-Ventura seeks only remand to the district court with instructions to reform the judgment. *See United States v. Mejia*, 589 F. App'x 296 (5th Cir. 2015) (affirming defendant's conviction and sentence but remanding to the district court to correct the judgment to reflect conviction under § 1326(b)(1), where defendant had violated Texas Penal Code § 20.011).

3

No. 14-41261

integrity, or public reputation of judicial proceedings, so as to establish the fourth prong of plain error.

## III.

For the foregoing reasons, we AFFIRM Quintanilla-Ventura's conviction and sentence. We REMAND to the district court for the limited purpose of correcting the judgment to reflect the correct offense of conviction as under 8 U.S.C. § 1326(b)(1).