# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40829
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MARTIN OVALLE-GARCIA,

      Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DENNIS, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Martin Ovalle-Garcia pleaded guilty to illegal reentry after conviction of an aggravated felony under 8 U.S.C. § 1326(a) and (b)(2). He received a 12-level sentencing enhancement because he was previously deported after a conviction for a felony that was a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). This Court affirmed the conviction and sentence. *United States v. Ovalle-Garcia*, 672 F. App'x 421 (5th Cir. 2016) (per curiam). The Supreme Court then vacated the judgment and remanded for further consideration in

No. 16-40829

light of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017). *Ovalle-Garcia v. United States*, 137 S. Ct. 2215 (2017). In *Esquivel-Quintana*, the Court addressed the generic meaning of sexual abuse of a minor, which is an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(A). The Court held that "in the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16." *Esquivel-Quintana*, 137 S. Ct. at 1568.

On remand, the parties agree that the predicate offense of which Ovalle-Garcia was convicted—Tennessee statutory rape—is broader than the generic crime of statutory rape because the age of consent in Tennessee is 18. Thus, Ovalle-Garcia's statutory rape conviction does not qualify either as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) or as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Ovalle-Garcia requests a limited remand to the district court for the purpose of correcting the judgment to reflect the fact that he was previously deported after a conviction of a non-aggravated felony. *See United States v. Quintanilla-Ventura*, 616 F. App'x 189 (5th Cir. 2015) (providing this relief); *United States v. Mejia*, 589 F. App'x 296 (5th Cir. 2015) (same). We explained in *United States v. Briceno*, 681 F. App'x 334 (5th Cir. 2017), that this error in the judgment is neither harmless nor moot because the erroneous judgment could have collateral consequences. Specifically, a conviction under § 1326(b)(2)—involving a prior conviction of an aggravated felony—is itself an aggravated felony, "rendering [the defendant] permanently inadmissible to the United States." *Id.* Thus, we REMAND to the district court for the limited purpose of correcting the judgment to reflect the correct offense of conviction as under § 1326(b)(1).

No. 16-40829

Because Ovalle-Garcia has served his sentence and been deported, he does not request resentencing. In light of this express waiver of his challenge to the sentence, we DISMISS his appeal of the sentence.