# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41088

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MARCELO MONTANEZ-TREJO,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-247-1

Before STEWART, Chief Judge, and KING and JONES, Circuit Judges.

PER CURIAM:*

Defendant–Appellant Marcelo Montanez–Trejo pleaded guilty, without a plea agreement, to illegally reentering the United States after previously having been removed. On appeal, Montanez–Trejo argues that the district court erred in entering judgment against him under 8 U.S.C. § 1326(b)(2), rather than § 1326(b)(1), and erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). For the following reasons, we AFFIRM the conviction and sentence, and REMAND for the limited purpose of correcting

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41088

the judgment as described below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2016, Defendant–Appellant Marcelo Montanez–Trejo encountered law enforcement while he was walking along the highway near Alice, Texas. Law enforcement determined that Montanez–Trejo was a citizen of Mexico with no legal right to enter the United States, and Montanez–Trejo admitted that he had entered the United States by crossing the Rio Grande River. An immigration record check revealed that Montanez–Trejo had previously been removed from the United States on May 29, 2013, following a conviction in Nebraska. Specifically, on August 26, 2011, Montanez–Trejo was convicted on two counts of sexual assault in the first degree in Nebraska in violation of Neb. Rev. Stat. § 28-319 and sentenced to two to three years imprisonment on each count (to be served consecutively).[1]

On May 4, 2016, Montanez–Trejo pleaded guilty, without a plea agreement, to count one of the indictment, which charged him with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). Applying the 2015 Sentencing Guidelines, the PSR assigned a base offense level of 8. U.S.S.G. § 2L1.2(a). The PSR then added a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Montanez–Trejo's Nebraska conviction for sexual

---

[1] The Presentence Investigation Report (PSR) described the background of this offense as follows:

> On April 25, 2011, the defendant was arrested for two counts of 1st degree sexual assault. The investigation revealed that on April 22, 2011, two female juveniles, ages 15 and 16, ran away from the Norfolk Group Home in Norfolk, Nebraska. Both juveniles and the defendant were located on April 25, 2011, at the New Victorian Inn and Suites in Norfolk. After interviewing the juveniles, it was determined that after leaving the group home, both girls met with the defendant. The defendant rented a room at a Super 8 Motel where the defendant and the 15 year old juvenile had sexual intercourse on April 22, 2011. On April 23, 2011, the defendant paid for a room at the Budget Inn where he and the 15 year old juvenile again had sexual intercourse. The defendant and both juveniles were subsequently located and taken into custody on April 25, 2011.

assault was a "crime of violence."  After a 3-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 21.  The PSR also assigned a criminal history category of II.  Accordingly, the PSR concluded that the maximum term of imprisonment was 20 years (pursuant to 8 U.S.C. § 1326(b)(2)) and the Guidelines range was 41 to 51 months.  The PSR, however, also noted that proposed amendments to the Guidelines would become effective November 1, 2016.  The PSR stated that, under the proposed amendments, the Guidelines range would be 21 to 27 months.

On July 19, 2016, the district court held the sentencing hearing.  As an initial matter, the district court adopted the findings of the PSR, including that the total offense level was 21, the criminal history category was II, and the Guidelines range was 41 to 51 months in prison.  Montanez–Trejo's counsel offered several arguments for a lower sentence: (1) Montanez–Trejo was unaware that he would face such a severe sentence upon reentry; (2) his Nebraska conviction "was not a situation where there was aggression or a forced sexual assault . . . .  This was a situation where they were boyfriend and girlfriend"; and (3) he was coming to Houston to work with his brother and has significant family support in Mexico.  Montanez–Trejo's counsel also requested that the district court sentence him to 21 months in prison, which was the low end of the Guidelines range under the proposed amendments.[2]  The Government agreed that a low end sentence would be appropriate.  The district court ultimately imposed a sentence of 30 months in prison.  The district court's

---

[2] The district court asked whether the Guidelines range under the proposed amendments was 21 to 27 months, to which Montanez–Trejo's counsel responded in the affirmative.  On appeal, Montanez–Trejo now says that the correct Guidelines range under the proposed amendments was actually 15 to 21 months.  This purported error, however, does not serve as the basis for any of Montanez–Trejo's arguments on appeal.  Thus, we need not address this issue further (including whether Montanez–Trejo's counsel waived any objection to this error by agreeing with the district court).

No. 16-41088

judgment reflects that Montanez–Trejo's conviction for illegal reentry was in violation of 8 U.S.C. § 1326(a) and (b)(2).  Montanez–Trejo timely appeals.

## II.  DISCUSSION

On appeal, Montanez–Trejo raises two arguments: (1) his Nebraska conviction was not an aggravated felony, and thus, the district court erred in entering judgment under § 1326(b)(2) rather than § 1326(b)(1); and (2) his Nebraska conviction was not a crime of violence, and thus, the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As Montanez–Trejo concedes, he failed to raise either of these arguments in the district court, and thus, our review is for plain error. *See, e.g., United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).  Under plain error review, Montanez–Trejo must meet a four-prong test:  he must show that there was (1) an error, (2) that was plain, and (3) that affected his substantial rights; and if those first three prongs are met, (4) we have the discretion to remedy the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See id.* (quoting *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005)).

Both of Montanez–Trejo's arguments relate to whether his Nebraska conviction qualifies under the generic offense of sexual abuse of a minor.  The crux of Montanez–Trejo's first argument is whether his prior Nebraska conviction qualifies under the generic offense of "sexual abuse of a minor" such that it is an "aggravated felony" subject to § 1326(b)(2).  Under § 1326(b)(2), a defendant convicted of illegal reentry "whose removal was subsequent to a conviction for commission of an aggravated felony" is subject to a maximum imprisonment term of 20 years.  If the defendant's prior conviction was not an aggravated felony, then § 1326(b)(1) applies and the defendant is subject to a maximum imprisonment term of 10 years.  The term "aggravated felony" is

defined to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

Montanez–Trejo's second argument again turns on whether his prior Nebraska conviction qualifies under the generic offense of "sexual abuse of a minor," but for this argument, whether his prior Nebraska conviction qualifies is for the purpose of establishing that it is a "crime of violence" subject to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant is subject to a 16-level enhancement if he was previously deported after a "crime of violence." In the commentary, "crime of violence" is defined to include "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt.B(iii).

In sum, if Montanez–Trejo's Nebraska conviction does not qualify under the generic offense of "sexual abuse of a minor," then the district court erred in entering judgment under § 1326(b)(2) rather than § 1326(b)(1), and erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[3] Although both arguments implicate the generic offense of sexual abuse of a minor, the parties address the arguments separately, and thus, we address each argument separately below.

## A. Whether the District Court Plainly Erred in Convicting Montanez–Trejo Under § 1326(b)(2)

Montanez–Trejo argues that, because his Nebraska conviction does not qualify as sexual abuse of a minor, the district court erred in entering judgment against him under § 1326(b)(2). According to Montanez–Trejo, his judgment should be corrected to reflect that he was convicted under § 1326(b)(1), not § 1326(b)(2), because the erroneous judgment has significant immigration consequences. To determine whether Montanez–Trejo's Nebraska conviction

---

[3] Although the offense of sexual abuse of a minor is enumerated separately in the statute and the Guidelines, the parties do not assert that this has any effect on the generic meaning of that offense. *See United States v. Najera-Najera*, 519 F.3d 509, 512 n.2 (5th Cir. 2008) (noting that the different context in which "sexual abuse of a minor" appeared, namely 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2, was "a distinction without a difference").

qualifies as sexual abuse of a minor (one of the enumerated aggravated felony offenses for the purpose of § 1326(b)(2)), "we 'employ a categorical approach by looking to the statute . . . of conviction, rather than to the specific facts underlying the crime.'" *See Esquivel–Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017) (omission in original) (quoting *Kawashima v. Holder*, 565 U.S. 478, 483 (2012)). "Under that approach, we ask whether 'the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony'"—*i.e.*, sexual abuse of a minor. *Id.* at 1568 (internal quotation marks omitted) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). "[W]e presume that the state conviction 'rested upon . . . the least of th[e] acts' criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime." *Id.* (omission and second alteration in original) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).    The Nebraska statute under which Montanez–Trejo was convicted, Neb. Rev. Stat. § 28-319, provides, in relevant part, the following:

> Any person who subjects another person to sexual penetration (a) without the consent of the victim, (b) who knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, or (c) when the actor is nineteen years of age or older and the victim is at least twelve but less than sixteen years of age is guilty of sexual assault in the first degree.

*Id.* § 28-319(1).[4]

As an initial matter, we have previously defined the generic offense of sexual abuse of a minor to involve three elements: conduct that was (1) sexual, (2) abusive, and (3) with a minor.[5]    *See Najera-Najera*, 519 F.3d at 511.

---

[4] This statute has not been amended since Montanez–Trejo's conviction in 2011.

[5] As discussed in detail below, the Supreme Court's recent decision in *Esquivel–Quintana* overruled this court's prior precedent with respect to what the maximum age of a minor is for the generic offense of sexual abuse of a minor. *See Esquivel–Quintana*, 137 S. Ct. at 1568–72 ("Where sexual intercourse is abusive solely because of the ages of the

No. 16-41088

Accordingly, the Nebraska statute at issue here is overbroad because subsections (a) and (b) do not qualify as the generic offense of sexual abuse of a minor (given that they do not require the victim to be a minor).[6]

That is not the end of the inquiry, however, because the Government argues that the modified categorical approach applies. "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Importantly, the modified categorical approach "only applies when a statute is 'divisible,' meaning it 'sets out one or more elements of the offense in the alternative.'" *United States v. Lobaton–Andrade*, 861 F.3d 538, 541 (5th Cir. 2017) (per curiam) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). Thus, whether the Nebraska statute at issue here is divisible depends on whether its three subsections are alternative elements of the offense or alternative means of satisfying a single element. *See, e.g.*, *United States v. Hinkle*, 832 F.3d 569, 575 (5th Cir. 2016). "[W]e have recognized that '[t]he test to distinguish means from elements is whether a jury must agree.'" *Lobaton–Andrade*, 861 F.3d at 542 (second alteration in original) (quoting *United States v. Howell*, 838 F.3d 489, 497 (5th Cir. 2016)).

Here, the parties dispute whether the Nebraska statute at issue here is divisible. Although Montanez–Trejo concedes that no Nebraska court has

---

participants, the victim must be younger than 16."). The Supreme Court also expressly left open the question of whether the generic offense requires a certain age differential between the victim and the perpetrator. *See id.* at 1572.

[6] Rape is also included in the definition of aggravated felony. 8 U.S.C. § 1101(a)(43)(A). The Government, however, concedes that subsections (a) and (b) do not qualify under the generic offense of rape because Nebraska includes digital penetration in the definition of sexual penetration, *see* Neb. Rev. Stat. § 28-318(6), which is not included in the generic offense of rape, *see Perez–Gonzalez v. Holder*, 667 F.3d 622, 627 (5th Cir. 2012).

addressed the means or elements issue for this precise statute, he contends that the statute contains means (making it indivisible) because the subsections can be charged in the alternative in a single count, and Nebraska courts treat similar charges as presenting means of committing an offense. According to Montanez–Trejo, his contention is underscored by the fact that the actual information filed against him charged him with violating each of the statute's subsections in the alternative for each count. The Government counters by pointing to a Nebraska Supreme Court decision referring to the statute as containing "elements," and the Government adds that, regardless of the actual merits, any error is not sufficiently clear to meet the second prong of plain error review.

We need not decide whether the Nebraska statute at issue here is divisible because we conclude that, even if the district court did not plainly err in finding that it is divisible, the modified categorical approach does not clarify the subsection under which Montanez–Trejo was convicted. As noted above, assuming that the Nebraska statute is divisible, the modified categorical approach only allows a court to look at a limited class of documents. In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court stated that, in applying the modified categorical approach to a previous state conviction by guilty plea, courts are limited to considering "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26; *see also Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006) ("The use of these documents is permitted because they are considered sufficiently conclusive and reliable to establish the facts to which the alien actually pleaded guilty."). Critically, the only *Shepard*-approved document in the record here is the information used to charge Montanez–Trejo, but the information accuses

him of violating in the alternative all three subsections of Neb. Rev. Stat. § 28-319(1). Put another way, the information does not provide the clarity needed to determine whether Montanez–Trejo necessarily admitted to the elements of the generic offense of sexual abuse of a minor; instead, the information suggests that he could have admitted to violating any of the three subsections, two of which do not meet the generic offense of sexual abuse of a minor.[7] Thus, the district court committed a clear error in entering judgment under § 1326(b)(2): his Nebraska conviction does not qualify under the generic offense of sexual abuse of a minor given that the lone *Shepard*-approved document in the record does not clarify the subsection under which he was convicted, and thus, his Nebraska conviction was not a prior aggravated felony necessary to implicate § 1326(b)(2).

Moreover, Montanez–Trejo has met the third prong of plain error review because, had the clear error been recognized, the district court would have entered judgment against him under § 1326(b)(1), not § 1326(b)(2). As we have

---

[7] The Government points to a document in the record entitled "Commitment," which was from the deputy clerk of the Nebraska court addressed to the county sheriff. The Commitment states that Montanez–Trejo was charged with two counts of "Sexual assault/minor-1st degree" in violation of § 28-319. Under the Government's theory, the Commitment shows that Montanez–Trejo's Nebraska conviction must have been under subsection (c) because that is the only subsection concerning minors. The Government, however, does not offer any argument for why this document is a *Shepard*-approved document. Indeed, this document is not one of the types of documents listed in *Shepard*, which limits consideration to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *See Shepard*, 544 U.S. at 26; *see also, e.g., United States v. Gutierrez–Ramirez*, 405 F.3d 352, 359 (5th Cir. 2005) (holding that an abstract of judgment from California was not a *Shepard*-approved document); *United States v. Lopez–Cano*, 516 F. App'x 350, 354 (5th Cir. 2013) (per curiam) ("The docket sheet and the case summary are not *Shepard*-approved documents because they were prepared by court not judges."). And there is no suggestion that Montanez–Trejo confirmed the information in the Commitment, especially considering that it appears to have been sent by the deputy clerk to the county sheriff. Thus, in light of *Shepard*, it would be clear error to rely on this document under the modified categorical approach.

described before, a judgment erroneously listing § 1326(b)(2) "is neither harmless nor moot because the erroneous judgment could have collateral consequences" given that "a conviction under § 1326(b)(2)—involving a prior conviction of an aggravated felony—is itself an aggravated felony, 'rendering [the defendant] permanently inadmissible to the United States.'" *United States v. Ovalle–Garcia*, -- F.3d --, 2017 WL 3391627, at *1 (5th Cir. 2017) (alteration in original) (quoting *United States v. Briceno*, 681 F. App'x 334, 337 (5th Cir. 2017) (per curiam)). In light of the potentially significant immigration consequences and limited request for relief, we exercise our discretion under the fourth prong to correct this error by remanding for the limited purpose of reforming the judgment to reflect his conviction under § 1326(b)(1), not § 1326(b)(2). *See, e.g.*, *United States v. Medrano–Camarillo*, 653 F. App'x 239, 240 (5th Cir. 2016) (per curiam) (remanding under plain error review for the limited purpose of correcting the judgment to properly reflect that the defendant was convicted under § 1326(b)(1), not § 1326(b)(2)); *United States v. Quinanilla–Ventura*, 616 F. App'x 189, 190 (5th Cir. 2015) (per curiam) (same).[8]

## B. Whether the District Court Plainly Erred in Applying a 16-Level Enhancement

We now turn to Montanez–Trejo's second argument—*i.e.*, whether the district court plainly erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Montanez–Trejo notes that subsection (c) of the Nebraska statute criminalizes consensual sexual conduct between an individual who is 19 and an individual who is one day shy of being 16. According to Montanez–Trejo, subsection (c) does not meet the generic offense of sexual abuse of a

---

[8] The Government has not argued that it should be given an opportunity to supplement the record with *Shepard*-approved documents.

minor for two reasons: (1) the generic offense requires at least a four year age differential between the victim and the perpetrator (the Nebraska statute requires only a three year age differential), and (2) the generic offense does not consider consensual sexual activity between close-in-age individuals to be abuse.[9]

At the time of briefing in this appeal, Montanez–Trejo conceded that his arguments were foreclosed by our precedent. In *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), we addressed what constituted the generic offense of sexual abuse of a minor as used in U.S.S.G. § 2L1.2(b)(1)(A)(ii). *Id.* at 557–62. In that case, the defendant, who had a previous conviction under a Texas law criminalizing sexual conduct with a minor, argued, *inter alia*, that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the Texas statute set the age of consent too high (it included individuals under 17, not just individuals under 16) and the age differential too low (he was 19 and the victim was 16). *See id.* at 547, 562. After discussing the various tests that could be used to define sexual abuse of a minor, we ultimately adopted "a plain-meaning approach when determining the 'generic, contemporary meaning' of non-common-law offense categories enumerated in federal sentencing enhancements." *See id.* at 550–53. Applying the plain-meaning approach, we rejected both of the defendant's arguments. *Id.* at 562. Specifically, we held that the age requirement for a minor in the generic offense of sexual abuse of a minor is an individual under 18. *See id.* at 559–62. Additionally, we held

---

[9] Montanez–Trejo does not contend that the divisibility of the Nebraska statute (*i.e.*, his first argument) should have any effect with respect to his second argument. In other words, Montanez–Trejo does not contend that subsections (a) and (b) of the Nebraska statute are overbroad for the purpose of determining whether his prior conviction was a "crime of violence" as used in U.S.S.G. § 2L1.2(b)(1)(A)(ii); instead, his argument focuses only on whether subsection (c) qualifies under the generic offense of sexual abuse of a minor.

that the generic offense of sexual abuse of a minor contained no age differential requirement between the victim and the perpetrator, thereby rejecting the defendant's argument that the generic definition required a four year age differential. *See id.* at 562 n.28. Similarly, in *United States v. Elizondo–Hernandez*, 755 F.3d 779 (5th Cir. 2014) (per curiam), we recognized that the defendant's argument that the generic definition of sexual abuse of a minor required a four year age differential between the victim and the perpetrator was foreclosed by our decision in *Rodriguez. Id.* at 781. In that case, we also rejected the defendant's argument that a conviction for indecency with a minor by contact under a Texas statute did not constitute "abuse" within the generic meaning of sexual abuse of a minor. *Id.* at 781–82.

While this appeal was pending, the Supreme Court issued its decision in *Esquivel–Quintana.*[10] In that case, the Supreme Court considered whether a prior conviction under California's statutory rape law—which criminalized sexual intercourse with an individual under 18 when there is a three year age differential between the victim and the perpetrator—qualified under the generic offense of sexual abuse of a minor. *Esquivel–Quintana*, 137 S. Ct. at 1567–68. After examining the language and structure of the statute, other federal law, and state codes, the Supreme Court ultimately concluded that, "in the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16." *Id.* at 1568–73. Because the California statute at issue criminalized sexual intercourse with an individual who was 17, the defendant's California conviction did not qualify under the generic offense of sexual abuse of a minor. *Id.* at 1572. Importantly,

---

[10] Although recognizing that his arguments were foreclosed by precedent, Montanez–Trejo had asked us to hold his case pending the decision in *Esquivel–Quintana*.

the Supreme Court explicitly stated that, given this result, it need not reach the issue of whether the generic offense of sexual abuse of a minor includes as an element a minimum age differential between the victim and the perpetrator. *See id.* ("We leave for another day whether the generic offense requires a particular age differential between the victim and the perpetrator . . . .").

In light of *Esquivel–Quintana*, we requested and received supplemental briefs from the parties addressing its effects. As an initial matter, the Government recognized that *Esquivel–Quintana* rejected our conclusion in *Rodriguez* that the generic offense of sexual abuse of a minor encompasses state statutes defining minor to include individuals who are younger than 18 (rather than only individuals who are younger than 16). Thus, the Government now concedes that Montanez–Trejo's argument is no longer foreclosed by *Rodriguez*.[11]

Regarding the merits, Montanez–Trejo renews his argument that his Nebraska conviction is broader than the generic meaning of sexual abuse of a minor because (1) the generic definition requires a four year age differential between the victim and the perpetrator, and (2) consensual sexual activity between close-in-age individuals is not within the generic meaning of abuse. Montanez–Trejo recognizes that *Esquivel–Quintana* held only that the generic definition included victims who are younger than 16 and expressly left open the question of whether the generic definition includes an age differential requirement. That being said, Montanez–Trejo claims that "[i]t clearly and obviously follows from that holding that consensual sexual conduct engaged in

---

[11] As noted above, *Rodriguez* addressed the distinct issues of whether the generic offense of sexual abuse of a minor has a maximum age limit of 16 and whether there is an age differential requirement. *Esquivel–Quintana*'s holding concerned only the former issue. The Government does not expressly argue that our holding in *Rodriguez* with respect to the age differential requirement still controls.

by a person one day below 16 and someone only three years older, and where the older partner does not occupy a special position of trust in relation to the younger partner, is not sexual *abuse* of a minor either." Montanez–Trejo attempts to a draw a line between his argument that there is a four year age differential requirement (which he concedes cannot meet the second prong of plain error review) and his argument that consensual sexual activity (short of intercourse) between individuals only three years apart cannot constitute "abuse" (which he contends is sufficiently clear to succeed under plain error review following *Esquivel–Quintana*).

The Government counters that, regardless of the merits, any error is not clear or obvious, and thus, Montanez–Trejo fails to meet the second prong of plain error review. We agree. As we have noted before, "[a]n error is not plain under current law if a defendant's theory requires the extension of precedent." *United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010)). Indeed, we have described the second prong as requiring an "error so clear or obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant[']s timely assistance in detecting it.'" *Trejo*, 610 F.3d at 319 (quoting *United States v. Hope*, 545 F.3d 293, 295–96 (5th Cir. 2008)). Here, with respect to whether the generic offense has a minimum age differential requirement, the Supreme Court expressly left open that question in *Esquivel–Quintana*. By definition, we would need to extend precedent or make new law (especially considering that our prior precedent foreclosed such an argument). Such an error, if it exists, is insufficient to qualify as plain error. *See, e.g.*, *Lucas*, 849 F.3d at 645 ("We have not directly addressed a situation in which deposition testimony of a criminal defendant is summarized by a prosecution witness, so finding the error is an 'extension of precedent.'" (quoting *Trejo*, 610 F.3d at 319)); *Ellis*, 564 F.3d at 377 ("Our

No. 16-41088

narrative of the decisional path this court would have to traverse to resolve the merits of defendant's objection to his sentence, an objection never made to the trial court, makes plain beyond peradventure than any error was not plain.").

Similarly, we also reject Montanez–Trejo's argument that it clearly follows from *Esquivel–Quintana* that consensual sexual activity (short of intercourse) between individuals only three years apart is not abuse within the scope of the generic offense of sexual abuse of a minor. Montanez–Trejo's argument on this point amounts to the following: given that *Esquivel–Quintana* held that sexual intercourse between an individual who is 16 and an individual who is 19 is not sexual abuse of a minor, then sexual activity (short of intercourse) between an individual who is one day younger than 16 and an individual who is 19 must also not be sexual abuse of a minor. That conclusion is far from clear based on *Esquivel–Quintana*'s holding and Montanez–Trejo points to no caselaw from this court requiring such a result. Thus, this argument similarly fails to meet the second prong of plain error review. *See, e.g.*, *Lucas*, 849 F.3d at 645; *Ellis*, 564 F.3d at 377.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Montanez–Trejo's conviction and sentence. We REMAND to the district court for the limited purpose of correcting the judgment to reflect the correct statute of conviction: 8 U.S.C. § 1326(b)(1), not § 1326(b)(2).[12]

---

[12] Montanez–Trejo's pending motion to stay the appeal is DENIED as moot.