# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

MIGUEL RODRIGUEZ-GARCIA,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:17-CR-253-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Miguel Rodriguez-Garcia pleaded guilty of illegal reentry in violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1326.  The district court adopted the presentence report ("PSR") and sentenced Rodriguez-Garcia, within the advisory guideline range, to 46 months.  The PSR listed a pre-removal Texas conviction of burglary of a habitation and stated that the applicable statutory maximum was 20 years under § 1326(b)(2), and the written judgment reflects that Rodriguez-Garcia was sentenced under § 1326(b)(2).  Rodriguez-Garcia appeals, contending for the first time that, because the court erroneously characterized his burglary conviction as an aggravated felony for the purpose of § 1326(b)(2), he is entitled either to resentencing or to correction of the judgment.

We review for plain error, which requires Rodriguez-Garcia to show (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he can satisfy those three requirements, this court has the discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

The parties agree that Texas burglary of a habitation is no longer an aggravated felony for the purpose of § 1326(b)(2).  *See United States v. Godoy*, 890 F.3d 531, 536−42 (5th Cir. 2018).  The record, however, does not indicate that the district court's selection of a 46-month sentence within the correctly calculated range was affected by its belief that the statutory maximum was 20 years under § 1326(b)(2) instead of 10 years under § 1326(b)(1).  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368−69 (5th Cir. 2009).  Rodriguez-Garcia therefore fails to show that the error affected his substantial rights.  *See Puckett*, 556 U.S. at 135; *Mondragon-Santiago*, 564 F.3d at 369.  We do not read *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346, 1348 (2016), as requiring a different result.  But we agree with Rodriguez-Garcia that the judgment should be corrected to reflect conviction and sentence under

No. 17-11345

§ 1326(b)(1) instead of § 1326(b)(2).   *See United States v. Ovalle-Garcia,* 868 F.3d 313, 314 (5th Cir. 2017).

The judgment is REMANDED only for correction to reflect conviction and sentence under § 1326(b)(1) instead of § 1326(b)(2).  In all other respects, the judgment is AFFIRMED.