# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

No. 17-51144
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISMAEL ROMERO-MENDOZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-285-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ismael Romero-Mendoza appeals the 30-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He first argues that his sentence under 8 U.S.C. § 1326(b)(2) violates due process because it exceeds the statutory maximum sentence of § 1326(a). He concedes that the issue whether his eligibility for a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51144

by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Romero-Mendoza's argument is foreclosed.

Second, Romero-Mendoza argues for the first time that the district court erroneously characterized his prior Texas conviction for aggravated assault as an aggravated felony for the purpose of § 1326(b)(2) and that he is entitled to resentencing. We review for plain error, which requires Romero-Mendoza to show (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he can satisfy these three requirements, this court has the discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Because Romero-Mendoza was sentenced under the 2016 version of the Guidelines, his guidelines range was not calculated based on the characterization of his prior conviction for Texas aggravated assault. Furthermore, the record does not indicate that the district court's selection of a 30-month sentence—within the correctly calculated guidelines range and

below the ten-year § 1326(b)(1) statutory maximum—was affected by any belief that the statutory maximum sentence was 20 years pursuant to § 1326(b)(2), rather than ten years pursuant to § 1326(b)(1). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368-69 (5th Cir. 2009). Romero-Mendoza therefore fails to establish plain error. *See Puckett*, 556 U.S. at 135; *Mondragon-Santiago*, 564 F.3d at 369. Additionally, because Romero-Mendoza's judgment refers only to § 1326, and does not refer to any subsection of § 1326(b) or aggravated felony, there is no error in the judgment. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).

Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED. The Government's motion for an additional thirty days to file its Appellee's brief is denied as moot.