# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41653
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO CASTANEDA-MORALES, also known as Marco Vargas-Bustos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-660-1

## ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JONES, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Ramiro Castaneda-Morales pleaded guilty to illegal reentry. The district court sentenced him to 18 months in prison and no term of supervised release. That court entered judgment against him under 8 U.S.C. § 1326(b)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41653

Castaneda-Morales appealed his sentence and his judgment. He argued that the district court plainly erred by finding that his Oregon convictions for third-degree assault merited criminal history points under U.S.S.G. § 4A1.1(e) because they constituted crimes of violence pursuant to the residual clause of U.S.S.G. § 4B1.2(a). Castaneda-Morales also contended that the district court plainly erred by finding that his Oregon convictions were aggravated felonies for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and § 1326(b)(2). Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he claimed that the residual clause of § 4B1.2(a), and the definition of crime of violence in 18 U.S.C. § 16(b) – which informed whether his prior convictions constituted aggravated felonies under § 2L1.2(b)(1)(C) and § 1326(b)(2) – were unconstitutionally vague. During the pendency of his appeal, he was released from prison.

After we affirmed the district court, the Supreme Court granted certiorari, vacated the judgment, and remanded for consideration in light of its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the definition of crime of violence in § 16(b) was void for vagueness. The parties, at our request, filed supplemental letter briefs addressing whether the instant appeal is moot and discussing the impact of *Dimaya*.

The parties agree that an appeal of sentencing issues in this case is moot because Castaneda-Morales's sentence has expired, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc). They further agree, however, that the entry of judgment under § 1326(b)(2) remains appealable because that designation possibly has adverse immigration consequences, *see United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017); *United States v. Villanueva-Diaz*, 634 F.3d 844, 848-49 (5th Cir. 2011). The parties also agree that, in light of *Dimaya*, the definition of crime of violence set forth in § 16(b) cannot be a basis for treating

2

No. 15-41653

Castaneda-Morales's prior Oregon convictions as aggravated felonies under § 1326(b)(2). The parties disagree, however, whether the judgment should be affirmed because the prior convictions are aggravated felonies under the definition of crime of violence set forth in § 16(a). We review the issue for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).

Pursuant to § 16(a), an offense qualifies as a crime of violence if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. § 16(a). Castaneda-Morales argues that his Oregon convictions for third-degree assault do not meet this definition because the statute of conviction, Oregon Revised Statute § 163.165(1), states that the offense can be committed recklessly and requires only the causation of injury instead of the direct use of force. This court has rejected Castaneda-Morales's arguments and has determined (1) that the use of force can include reckless conduct, (2) that indirect force can constitute the use of force, and (3) that there is no distinction between causation of injury and use of force. *United States v. Reyes-Contreras*, 910 F.3d 169, 180-84 (5th Cir. 2018) (en banc). Third-degree assault in Oregon otherwise requires a demonstration that the defendant intentionally, knowingly, or recklessly employed a force that could cause pain or injury against another person. *See id.* at 183, 185; OR. REV. STAT. § 161.015(7) & (8); OR. REV. STAT. § 163.165(1).

A conviction in Oregon for third-degree assault thus qualifies as a crime of violence under § 16(a), and, accordingly, is an aggravated felony for purposes of § 1326(b)(2). Castaneda-Morales therefore has not shown that the district court plainly erred by imposing judgment under § 1326(b)(2). *See Mondragon-Santiago*, 564 F.3d at 368.

The judgment of conviction is AFFIRMED.

3