# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2019

Lyle W. Cayce
Clerk

No. 18-10312
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-467-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:[*]

David Gomez pleaded guilty to illegal reentry after deportation and was sentenced within the guidelines range to 40 months of imprisonment, to be followed by three years of supervised release.  The written judgment reflects that Gomez was sentenced under 8 U.S.C. § 1326(b)(2).  Gomez argues that his 2011 Texas conviction on two counts of burglary of a habitation was mischaracterized as an aggravated felony for the purpose of § 1326(b)(2), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10312

that he is entitled to correction of the judgment. We review for plain error, which requires Gomez to show (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he can satisfy these three requirements, this court has the discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks and citation omitted).

Texas burglary of a habitation is no longer an aggravated felony for the purpose of § 1326(b)(2). *See United States v. Godoy*, 890 F.3d 531, 536-42 (5th Cir. 2018). We agree with Gomez that his judgment should be corrected to reflect conviction and sentence under § 1326(b)(1) instead of § 1326(b)(2). *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017). Accordingly, we REMAND to the district court for the limited purpose of correcting the judgment to reflect conviction and sentence under § 1326(b)(1) instead of § 1326(b)(2). In all other respects, the judgment is AFFIRMED.