# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO VEGA-BOTELLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-39-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Guillermo Vega-Botello pled guilty to illegal reentry, in violation of 8 U.S.C. § 1326. The district court varied upward from the advisory guidelines range and sentenced him to 36 months in prison. He appeals his sentence.

Vega-Botello contends the district court erred in concluding that he qualified for the penalties of Section 1326(b)(2) and thereby was subject to a statutory maximum sentence of 20 years in prison. He asserts that none of his previous convictions — including his conviction in Washington for second-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11358

degree assault — constitute an aggravated felony under Section 1326(b)(2). Vega-Botello argues that the district court's misunderstanding of the statutory maximum influenced its sentencing decision and likely prompted it to impose a sentence that exceeded the applicable guidelines range.

Because Vega-Botello did not raise these arguments in the district court, review is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Even assuming that none of Vega-Botello's prior convictions constitutes an aggravated felony, he has not shown that any error affected his substantial rights. He has not demonstrated that the district court's understanding of the relevant statutory maximum affected its decision whether to impose an above-guidelines sentence. *See Mondragon-Santiago*, 564 F.3d at 369. The district court provided reasons for its selection of sentence, including Vega-Botello's criminal history and the pertinent 18 U.S.C. § 3553(a) factors, and it did not reference the statutory maximum or suggest that the statutory range affected its sentencing decision. Also, the sentence imposed was well below the 10-year statutory maximum set forth in otherwise applicable Section 1326(b)(1). We do not read *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016), as requiring a different result.

Because Vega-Botello's judgment cites only Section 1326, references no subsection of Section 1326(b), and does not state that Vega-Botello was convicted of an aggravated felony, there is no error that requires the judgment to be corrected or reformed. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017). AFFIRMED.

2