# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 21-10059
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODOLFO HERNANDEZ ROMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-100-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

The Federal Public Defender appointed to represent Rodolfo Hernandez Roman has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Hernandez Roman has not filed a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review, with one exception. A review of counsel's brief and the record reveals the following nonfrivolous issue: whether the district court erred by imposing Hernandez Roman's sentence under 8 U.S.C. § 1326(b)(2) based on its categorization of his prior conviction for indecency with a child by exposure, pursuant to Texas Penal Code § 21.11(a)(2), as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) and (F) and 18 U.S.C. § 16.

Because Hernandez Roman did not object to the treatment of his offense as an aggravated felony, we review for plain error. To show plain error, he must establish a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In light of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568-73 (2017), *United States v. Velazquez-Overa*, 100 F.3d 418, 420 (5th Cir. 1996), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018), the district court clearly or obviously erred by imposing Hernandez Roman's sentence under § 1326(b)(2). He cannot show, however, that his substantial rights were affected by the classification of his prior conviction for purposes of applying the 20-year statutory maximum pursuant to § 1326(b)(2). Hernandez Roman's 21-month, within-guidelines prison sentence is below § 1326(b)(1)'s 10-year statutory maximum term for pre-removal non-aggravated felony convictions and the record does not indicate that his sentence was influenced by an incorrect understanding of the statutory maximum. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). Even so, a § 1326(b)(2) conviction carries collateral

consequences. *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017). Therefore, we GRANT counsel's motion to withdraw, excusing counsel from further responsibilities herein; we exercise our discretion to MODIFY the judgment to reflect a conviction under § 1326(b)(1); and we AFFIRM the district court's judgment as modified. *See* 28 U.S.C. § 2106.