# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50807
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerardo Arturo Bueno-Chavira,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-210-1

———————————————————————

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Gerardo Arturo Bueno-Chavira appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). He raises two issues on appeal. First, he argues that the district court erred by entering judgment against him under 8 U.S.C. § 1326(b)(2). Second, he avers that § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

maximum based on facts not charged or proved beyond a reasonable doubt. In response, the Government has filed two unopposed motions to reform the judgment and for summary affirmance in part.

As to whether the district court erred by entering judgment against Bueno-Chavira under § 1326(b)(2), review is for plain error because he did not raise this issue in the district court. *United States v. Rodriguez-Flores*, 25 F.4th 385, 387 (5th Cir. 2022). To prevail on plain error review, he must show that there was (1) an error, (2) that is clear or obvious, and (3) that affected his substantial rights. *Id.* "Once those three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks and citation omitted).

The district court clearly erred because Bueno-Chavira did not have any prior qualifying aggravated felony convictions. Moreover, this error affected his substantial rights because the erroneous judgment could have collateral consequences. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017). We also exercise our discretion to correct the error. *See Rodriguez-Flores*, 25 F.4th at 390. Thus, the judgment must be reformed to reflect the correct statutory subsection.

Regarding Bueno-Chavira's second claim, the parties are correct that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Summary affirmance thus is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance as to the *Almendarez-Torres* claim is GRANTED, the judgment is AFFIRMED

No. 22-50807

as to that issue, and the Government's alternative motion for an extension of time to file a brief is DENIED. In addition, the Government's motion to remand is GRANTED, and we REMAND to the district court for the limited purpose of reforming its judgment to reflect Bueno-Chavira's conviction and sentencing under 8 U.S.C. § 1326(b)(1). The Government's alternative request that we reform the judgment on appeal is DENIED.