# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-40605
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Amilcar Tiul Xol,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:24-CR-561-1

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Amilcar Tiul Xol appeals his conviction and sentence for illegal reentry following removal. For the first time on appeal, he argues that the district court erred in sentencing him and entering judgment under 8 U.S.C. § 1326(b)(2) because he did not have a prior conviction for an aggravated felony. The Government concedes the error, agreeing that Tiul Xol's prior

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction is not an aggravated felony but urging that remand for resentencing is not required and that this court should instead reform the judgment to reflect that Tiul Xol was convicted under § 1326(b)(1) rather than § 1326(b)(2).

Because Tiul Xol did not raise this issue in the district court, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, he must demonstrate there is a clear or obvious error that affects his substantial rights. *Id.* If he makes this showing, we have discretion to correct that error but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

In 2022, Tiul Xol was convicted in Virginia on charges of possession of child pornography and possession of child pornography, second offense. The Virginia statute defines "child pornography" as "sexually explicit visual material" depicting a minor "engaged in sexual conduct" or "in a state of nudity," Va. Code Ann. § 18.2-374.1(A), which includes "the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple . . . ." Va. Code Ann. § 18.2-390. The Virginia offense of possession of child pornography sweeps more broadly than the federal statute prohibiting the possession of child pornography, which does not cover such conduct. *See* 18 U.S.C. §§ 2252(a)(4), 2256(2)(A)(v). Thus, the offense is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(I), and the district court clearly and obviously erred in finding to the contrary. *See United States v. Rodriguez-Flores*, 25 F.4th 385, 390 (5th Cir. 2022).

Although Tiul Xol contends that the error affected his sentence, his argument is belied by the record. The 36-month sentence imposed, an upward variance from the applicable 18-to-24-month guidelines range, was

well below even the 10-year statutory maximum under § 1326(b)(1).  The district court referenced the incorrect statutory maximum at sentencing but at no time suggested that the statutory range affected its sentencing decision. Instead, it selected the sentence based on the 18 U.S.C. § 3553(a) factors, citing Tiul Xol's criminal history, his failure to register as a sex offender, his three prior deportations, and the fact that he had returned to the United States immediately following his most recent deportation.  The court denied the Government's request for a more severe sentence, finding that a 48-month sentence for a first illegal reentry conviction was unjustified.  Based on this record, Tiul Xol fails to demonstrate a reasonable probability that he would have received a lesser sentence but for the § 1326(b)(2) error and thus fails to show that the error affected his substantial rights at sentencing.  *See United States v. Kirkland*, 851 F.3d 499, 503 (5th Cir. 2017); *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

Nevertheless, the district court's judgment of conviction and sentence under § 1326(b)(2) carries collateral consequences, as it "is itself an aggravated felony, rendering the defendant permanently inadmissible to the United States."  *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (internal quotation marks, brackets, and citation omitted). Because of these collateral consequences, the district court's error affects Tiul Xol's substantial rights, *see id.*, and is of a type that this court will exercise its discretion to correct, *see Rodriguez-Flores*, 25 F.4th at 390-91.

Accordingly, the case is REMANDED to the district court for the limited purpose of reforming the judgment to reflect a conviction and sentence under § 1326(b)(1).  The judgment is otherwise AFFIRMED.