# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2018

Lyle W. Cayce
Clerk

No. 16-51009

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CANDIDO FRANCISCO HERNANDEZ-AVILA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:

We withdraw our prior opinion and substitute this new opinion in its place.

## BACKGROUND

Candido Hernandez-Avila pleaded guilty to illegal reentry under 8 U.S.C. § 1326. The presentence report (PSR) recommended a sixteen-level enhancement based on Hernandez-Avila's prior conviction for sexual assault under Texas Penal Code § 22.011(a)(2), which the PSR determined to be a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii) of the 2015 Sentencing Guidelines. Hernandez-Avila objected in writing and at the sentencing hearing, arguing that a prior conviction under Texas Penal Code

No. 16-51009

§ 22.011(a)(2) cannot be a "crime of violence" because that statute proscribes sexual contact with "a person younger than 17 years of age," TEX. PENAL CODE § 22.011(c)(1), while the enhancement requires the victim to be younger than 16 years of age. The district court overruled the objection, applied the enhancement, and sentenced Hernandez-Avila to 57 months in prison—the lowest possible sentence within the calculated Guidelines range.

## STANDARD OF REVIEW

On appeal, Hernandez-Avila renews the objection made before the district court. Accordingly, our review is de novo. *United States v. Piedra-Morales*, 843 F.3d 623, 624 (5th Cir. 2016) ("This court reviews a preserved challenge to the district court's application of the Sentencing Guidelines *de novo*."); *United States v. Hernandez-Galvan*, 632 F.3d 192, 196 (5th Cir. 2011) ("[T]his court considers *de novo* whether a defendant's prior conviction qualifies as a 'crime of violence' within the meaning of the Guidelines.").

## DISCUSSION

The application notes to § 2L1.2 of the 2015 Sentencing Guidelines define "crime of violence" to include "statutory rape" and "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015). To determine whether Hernandez-Avila's prior conviction under Texas Penal Code § 22.011(a)(2) qualifies as either of those offenses, we apply the "categorical approach," which requires us to "look to the elements of the offense enumerated . . . by the Guideline section and compare those elements to the elements of the prior offense for which the defendant was convicted." *United States v. Howell*, 838 F.3d 489, 494 (5th Cir. 2016). "We do not consider the actual conduct of the defendant in committing the offense." *Id.*

In *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), the Supreme Court held that, "in the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic

federal definition of sexual abuse of a minor requires that the victim be younger than 16." *Id.* at 1568. In light of *Esquivel-Quintana*, we conclude that a prior conviction under Texas Penal Code § 22.011(a)(2) is not a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii) of the 2015 Sentencing Guidelines. Texas Penal Code § 22.011(a)(2) proscribes sexual conduct with a "child"—defined as "a person younger than 17 years of age"—"regardless of whether the person knows the age of the child at the time of the offense." TEX. PENAL CODE § 22.011(a)(2), (c)(1). Because § 22.011(a)(2) criminalizes sexual intercourse with a victim under 17, rather than a victim under 16, and does so "based solely on the age of the participants," it is categorically overbroad under *Esquivel-Quintana. See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (applying *Esquivel-Quintana* and concluding that a conviction under Tennessee's statutory rape statute "does not qualify either as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) or as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)" because "the age of consent in Tennessee is 18"). *Esquivel-Quintana* abrogates our contrary conclusion in *United States v. Rodriguez*, 711 F.3d 541, 560–63 (5th Cir. 2013) (en banc).

The Supreme Court decided *Esquivel-Quintana* after briefing in this case was completed. Consequently, we asked Hernandez-Avila and the Government to each "address in a supplemental letter brief the applicability of *Esquivel-Quintana . . .* to this appeal." In its supplemental brief, the Government does not dispute any aspect of the foregoing discussion of *Esquivel-Quintana.* Instead, it asserts that "this [c]ourt need not determine that issue as it applies to the instant case" and proffers a new, alternative argument for affirming Hernandez-Avila's sentence. Specifically, the Government now contends that Hernandez-Avila's sentence should be affirmed, notwithstanding *Esquivel-Quintana*, because his prior conviction under Texas Penal Code § 22.011(a)(2) constitutes a "crime of violence" under 18 U.S.C. § 16(b) and an "aggravated

felony" under 8 U.S.C. § 1101(a)(43)(F). We shall assume, without deciding, that the Government's new argument is properly before us.

We face an initial difficulty in deciphering the Government's exact argument. Nowhere in its supplemental brief does the Government actually argue that Hernandez-Avila's sentence is proper under the Sentencing Guidelines. The Government suggests that if Hernandez-Avila's prior conviction is a "crime of violence" under 18 U.S.C. § 16(b), it is also an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), and that his 57-month sentence therefore falls under the statutory maximum of 20 years' imprisonment set by 8 U.S.C. § 1326(b)(2). The question on appeal, however, is not whether Hernandez-Avila's 57-month sentence exceeds the applicable statutory maximum; the question is whether his sentence involves an erroneous interpretation and application of the Sentencing Guidelines. Despite the lack of clarity in the Government's supplemental brief, we perceive two possible contentions implicating the propriety of Hernandez-Avila's sentence under § 2L1.2 of the 2015 Sentencing Guidelines. Both are meritless.

*First*. 18 U.S.C. § 16(b) defines the term "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *United States v. Velazquez-Overa*, 100 F.3d 418 (5th Cir. 1996), this court concluded that "indecency with a child involving sexual contact, under Section 21.11(a)(1) of the Texas Penal Code, is a crime of violence within the meaning of 18 U.S.C. [§] 16(b)," *id.* at 422, "because it entails a substantial risk that physical force may be used against the victim," *id.* at 419. The court therefore held that a prior conviction under Texas Penal Code § 21.11(a)(1) supported an "aggravated felony" enhancement pursuant to § 2L1.2 of the 1995 Sentencing Guidelines. *Id.* at 422–23. Based on *Velazquez-Overa*'s holding, the Government contends that Hernandez-

No. 16-51009

Avila's prior conviction under Texas Penal Code § 22.011(a)(2) is also a "crime of violence" within the meaning of § 16(b). We need not decide that issue. Unlike § 2L1.2 of the 1995 Sentencing Guidelines, which defined "aggravated felony" to include "any crime of violence . . . as defined in 18 U.S.C. § 16," *Velazquez-Overa*, 100 F.3d at 420 (citation and internal quotation marks omitted), § 2L1.2 of the 2015 Sentencing Guidelines does not incorporate § 16(b) by reference, and its definition of "crime of violence" does not contain the "substantial risk" language found in § 16(b). *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015). Thus, even if sexual assault under Texas Penal Code § 22.011(a)(2) is a "crime of violence" for purposes of § 16(b), it is not a "crime of violence" under § 2L1.2 of the 2015 Sentencing Guidelines, and Hernandez-Avila's sentence cannot be affirmed on that basis.[1]

*Second.* 8 U.S.C. § 1101(a)(43)(F) defines the term "aggravated felony" to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." To the extent the Government relies upon this provision, we construe it as arguing that if Hernandez-Avila's prior conviction qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), then it also qualifies as an "aggravated felony" for purposes of the eight-level enhancement found at § 2L1.2(b)(1)(C) of the 2015 Sentencing Guidelines. *See* U.S.S.G. § 2L1.2 cmt. n.3 (2015) ("For purposes of [U.S.S.G. § 2L1.2(b)(1)(C)], 'aggravated felony' has the meaning given that term in . . . 8 U.S.C. § 1101(a)(43) . . . ."). We need not decide whether Hernandez-Avila's prior conviction under Texas Penal Code § 22.011(a)(2) qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) and § 2L1.2(b)(1)(C) of the 2015 Sentencing Guidelines. Even

---

[1] It is undisputed that Texas Penal Code § 22.011(a)(2) does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015).

No. 16-51009

if it does, the *sixteen*-level increase Hernandez-Avila received remains erroneous, and his sentence cannot be affirmed.

## CONCLUSION

Hernandez-Avila's sentence is VACATED. This matter is REMANDED to the district court for resentencing consistent with this opinion. "We direct defense counsel to bring this case to the district court's attention immediately so that resentencing can occur expeditiously." *United States v. Cabrera*, 478 F. App'x 204, 209 (5th Cir. 2012).