# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11733

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

HUMBERTO SANTOS-GABINO,

      Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-141-1

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:*

      Humberto Santos-Gabino was convicted of illegal reentry under 8 U.S.C. § 1326(a). The district court concluded that Santos-Gabino's prior conviction for "sexual assault of a child" under Texas law, TEX. PENAL CODE § 22.011(a)(2), met the definition of an "aggravated felony" under 8 U.S.C. § 1326(b)(2), which enhanced the statutory maximum for Santos-Gabino's illegal reentry conviction and was reflected in his judgment. Recent Supreme Court cases make clear that Texas's "sexual assault of a child" does not meet

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the requirements of § 1326(b)(2),[1] which the Government concedes. But the Government also argues that rather than remand, we should reform the district court's judgment to reflect conviction and sentencing under § 1326(b)(1).

Section 1326(b)(1) applies whenever the defendant has previously been convicted of "three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)." Santos-Gabino has not contested (and we agree) that "sexual assault of a child" satisfies the requirements of § 1326(b)(1). *See United States v. Fuentes*, 506 F. App'x 330, 331 (5th Cir. 2013) (per curiam) (concluding that "felony" in § 1326(b)(1) reaches "offense[s] punishable by more than one year in prison");[2] TEXAS PENAL CODE § 12.33 (punishing second degree felonies with a minimum of two years in prison); *id.* §22.011 (classifying sexual assault of a child as a second degree felony). We conclude that it is appropriate to remand solely for the purpose of having the district court reform the judgment. We therefore REMAND the case to the district court for the limited purpose of REFORMING the judgment to reflect conviction under § 1326(b)(1). We DISMISS the remainder of the appeal, which challenged only Santos-Gabino's now fully-served sentence, as moot.[3]

---

[1] *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1572–73 (2017) (holding that "statutory rape offenses focused solely on the age of the participants" do not meet "the generic federal definition of 'sexual abuse of a minor'" unless the crime defines victims to be "less than 16"); *United States v. Hernandez-Avila*, 892 F.3d 771 (5th Cir. 2018) (per curiam) (holding that the same Texas statute does not meet nearly identical Sentencing Guidelines' requirements in light of *Esquivel-Quintana*); *see also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that 18 U.S.C. § 16(b) is unconstitutionally vague and therefore a defendant's crime of conviction cannot satisfy § 1326(b)(2) through it).

[2] "An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority. 5th Cir. R. 47.5.4." *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

[3] *See United States v. Clark*, 193 F.3d 845, 847–48 (5th Cir. 1999) (per curiam); *see also United States v. Heredia-Holguin*, 823 F.3d 337, 343 (5th Cir. 2016) (en banc).