# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41027
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

EDUARDO DAVILA-MEDINA, also known as Jose Alberto Diaz-Flores, also known as Jose Luis Torres-Medina,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1599-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

    Eduardo Davila-Medina was convicted of illegal reentry into the United States after removal on a plea of guilty. He was sentenced to a term of imprisonment of 77 months to run concurrently with his state conviction. He was ultimately sentenced to four years in Texas state prison, where he is

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

currently housed, based upon a conviction for failing to register as a sex offender.

Davila-Medina appeals his sentence, calculated under the 2015 Sentencing Guidelines, challenging three aspects of his sentencing guidelines calculation: (1) the conclusion that his prior Texas conviction of burglary of a habitation qualified as a crime of violence for purposes of the U.S.S.G. § 2L1.2(b)(1)(A)(ii); (2) the conclusion that his prior convictions of sexual assault qualified as crimes of violence for purposes of § 2L1.2(b)(1)(A)(ii); and (3) assessment of one point in his criminal history score under § 4A1.1(e), based upon his second sexual assault conviction. The first alleged error was preserved; the other two are subject to plain error review. *Puckett v. United States*, 556 U.S. 129, 135 (2009)

The Government concedes, and we agree, that under our precedent in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445), his burglary conviction (under Texas Penal Code § 30.02) is not a crime of violence. The Government concedes, and we also agree, that under our precedent in *United States v. Hernandez-Avila*, 892 F.3d 771 (5th Cir. 2018), his sexual assault of a child convictions (under Texas Penal Code §22.011(a)(2)(A)) are not crimes of violence.

Thus, the district court committed clear error as to the burglary conviction enhancement and error that was plain under the alternative ground of sexual assault of a child. Because the latter error was not preserved, we must analyze the two other prongs of plain error: whether it affected his substantial rights and whether we should exercise our discretion to correct the error. *Puckett*, 556 U.S. at 135.

In *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016)), the Supreme Court explained that "most often" an error in calculating the sentencing guidelines range will be sufficient to meet the third prong of the

plain error analysis.  Here, the guidelines range would have been lower (33-41 months v. 77-96 months) absent the enhancement.  Davila-Medina was sentenced at the bottom of the guidelines range the district court concluded was applicable, and the judge gave no indication that the range did not affect his analysis.  We conclude, therefore, that the third prong is met.

Turning to the fourth prong, the Supreme Court recently clarified that, in the area of sentencing guidelines calculation errors, an error that resulted in a higher guidelines range generally establishes a reasonable probability that the defendant will serve a sentence greater than needed to fulfill the objectives of incarceration, reasoning that "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings" because mistakes under the Guidelines are the result of judicial error and can easily be addressed through resentencing. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907-08 (2018).  The Government offers no arguments[1] to support a conclusion that this case presents a situation "where countervailing factors [should] satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Id*. at 1908.  Indeed, its original brief relied upon the now-reversed decision of our court in *Rosales-Mireles*, and its supplemental briefing does not address the fourth prong at all.    Of course, on remand, the district court can consider the nature of Davila-Medina's previous offenses and determine that an upward variance or departure is appropriate.  We offer no opinion in that regard, instead entrusting that consideration to the discretion of the district

---

[1]   The Government instead argues that we should await the results of the pending certiorari petition in *Herrold*.  Even where the Supreme Court has granted certiorari, this court is bound by its own precedent, unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).  This appeal has already been pending for two years.  We thus deny the Government's motion to hold this appeal in abeyance pending the final results in *Herrold*.

court.   Similarly, because the enhancement errors are sufficient to require reversal and remand of the sentence, we need not address the criminal history point issue as the district court can consider that issue in the first instance on remand.

Accordingly, we AFFIRM Davila-Medina's conviction and VACATE his sentence.  We REMAND for resentencing in light of this opinion.