# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10487

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JULIO CESAR DE LA ROSA,

> Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-488-1

Before JONES, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:*

Julio Cesar De La Rosa kicked a peace officer in the genitals. He pleaded guilty to assault on a peace officer and was sentenced to three years in prison. The question presented is whether that constitutes a crime of violence ("COV") under the Sentencing Guidelines. The district court said yes. We affirm.

I.

De La Rosa entered the United States illegally at least ten times. He was granted voluntary departure after his first five detentions: on May 30,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10487

2001; April 23, 2003; September 26, 2007; February 13, 2008; and June 30, 2008.  After his next four, De La Rosa was formally removed: on July 11, 2008; December 30, 2009; December 10, 2010; and December 6, 2012.

After his eighth illegal entry—to be more precise, the eighth shown in this record—De La Rosa was arrested in Dallas, Texas.  He was charged with attempted retaliation, unlawful carrying of a weapon, and failure to identify. He pleaded guilty to those charges and was sentenced to five months in jail. While serving his sentence, De La Rosa kicked a correctional officer in the genitals.  De La Rosa was angry because he wanted a toothbrush.  He pleaded guilty to assault on a peace officer and was sentenced to three years in prison.[1] The United States again removed him.

He again came back (for at least the tenth time).  He again was arrested. And he again was indicted for illegal reentry under 8 U.S.C. § 1326(a) and (b)(2).  De La Rosa again pleaded guilty.  This marked the fourth time he was convicted of unlawful entry or reentry.

At  sentencing,  the  district  court  imposed  an  eight-level  COV enhancement for De La Rosa's assault conviction.  Under the applicable 2015 version  of  the  U.S.  Sentencing  Guidelines  Manual  ("Guidelines"),  that enhancement  applies  "[i]f  the  defendant  previously  was  deported,  or unlawfully  remained  in  the  United  States,  after  .  .  .  a  conviction  for  an aggravated  felony."     U.S.S.G.  §  2L1.2(b)(1)(C)  (2015).     The  Guidelines' definition of "aggravated felony" incorporates the "crime of violence" definition from 18 U.S.C. § 16.  *See* U.S.S.G. § 2L1.2 cmt. 3(A); 8 U.S.C. § 1101(a)(43)(F). Accordingly, an aggravated felony includes:

---

[1] He was convicted dand sentenced under the name "Julio Delacerda."  That is one of De La Rosa's eight known aliases.  For ease of reference, we refer to him as De La Rosa throughout.

No. 17-10487

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another [use-of-force clause], or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [residual clause].

18 U.S.C. § 16.  The presentence report ("PSR") concluded assaulting a peace officer was an aggravated felony conviction and recommended an eight-level enhancement.  U.S.S.G. § 2L1.2(b)(1)(C) (2015).  That brought De La Rosa's offense level to 13.  His lengthy and violent criminal record placed him in criminal history category VI.  That produced an advisory sentencing range of 33 to 41 months of imprisonment.

De La Rosa objected that assaulting a peace officer is not a COV.  His objections were threefold: (1) Texas assault can be committed recklessly; (2) "the Texas assault statute lacks force as an element"; and (3) the residual clause is unconstitutionally vague.  The district court disagreed and accepted the PSR.  It sentenced De La Rosa to 38 months in prison.  De La Rosa appeals the COV enhancement.[2]

## II.

We review De La Rosa's "preserved challenge to the district court's application of the Sentencing Guidelines *de novo*."  *United States v. Piedra-Morales*, 843 F.3d 623, 624 (5th Cir. 2016) (per curiam).  To determine whether the district court erred by applying the eight-level sentencing enhancement,

---

[2] De La Rosa also argues his sentence violates the Due Process Clause because the indictment did not allege a certain prior conviction that was used to invoke the sentencing enhancement in 8 U.S.C. § 1326(b)(2).  But, as he properly concedes, that argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); *see also United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007) ("Because the Supreme Court treats *Almendarez-Torres* as binding precedent, [appellant's] argument is fully foreclosed from further debate.").  De La Rosa does not otherwise challenge the statute of conviction, instead focusing his arguments on the Guidelines enhancement.

we must decide whether De La Rosa's assault conviction constitutes a COV under 18 U.S.C. § 16. This, of course, requires us to identify the crime of conviction and determine what De La Rosa necessarily admitted when he pleaded guilty. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Then we must assess whether the statutory elements of that offense satisfy either the use-of-force clause or the residual clause. *See United States v. Reyes-Contreras*, 910 F.3d 169, 179 (5th Cir. 2018) (en banc). They do, so we affirm.

A.

To determine whether a defendant's prior conviction is a COV, we apply a categorical approach. *See United States v. Hernandez-Avila*, 892 F.3d 771, 773 (5th Cir. 2018) (per curiam). The categorical approach requires us to look at the statutory elements of the predicate offense, "not to the facts of [the] defendant's conduct." *Taylor v. United States*, 495 U.S. 575, 600–02 (1990). But when we face "an alternatively phrased statute," as we do here, we face a threshold inquiry—whether a statute is divisible into multiple offenses with distinct elements, or whether it merely lists different ways of committing a single offense. *See Mathis*, 136 S. Ct. at 2256.

If a statute is divisible, we apply the modified categorical approach: We "look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction, and apply the categorical approach to that version of the crime." *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (per curiam) (quotation omitted). Even employing the modified categorical approach, we do not consider "[h]ow a given defendant actually perpetrated the crime," but only whether the elements of the crime of conviction fit within the COV definition. *Mathis*, 136 S. Ct. at 2251.

In this case, De La Rosa effectively concedes divisibility. Both parties agree De La Rosa was convicted of a particular assault offense—assault on a

No. 17-10487

peace officer under Texas Penal Code § 22.01(b)(1).  We agree.  The judgment of conviction expressly states De La Rosa was convicted of "Assault On a Peace Officer," making it easy to identify the specific elements of his predicate offense.  *See Mathis*, 136 S. Ct. at 2256–57 (allowing judges to look at "the record of a prior conviction itself" to determine the elements of the offense).  To commit this type of assault, a person must:

> intentionally, knowingly, or recklessly cause[] bodily injury to . . . a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant.

TEX. PENAL CODE § 22.01(a)(1), (b)(1) (2009).  Thus, the only question before us is whether these statutory elements make assaulting a peace officer a COV under 18 U.S.C. § 16.

### B.

For assault on a peace officer to qualify as a COV, it must satisfy either the use-of-force clause or the residual clause.  The government argues assaulting a peace officer satisfies both.  De La Rosa counters it satisfies neither and, even if it satisfies the residual clause, that clause is unconstitutionally vague.  Because we conclude assaulting a peace officer is a COV under the use-of-force clause, we need not reach the parties' arguments about the residual clause.

Under the use-of-force clause, an offense is a COV if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).  As we recently explained while sitting *en banc*, "the 'use of force' does not require intent because it can include knowing or reckless conduct."  *Reyes-Contreras*, 910 F.3d at 183.  Nor does § 16(a) contain a "directness-of-force requirement for a COV."  *Id.*  Instead, assaulting a peace officer is a COV under § 16(a) if a conviction requires

proving the defendant (1) intentionally, knowingly, or recklessly (2) "employs a force capable of causing physical pain or injury" (3) against the person of another. *See id.* at 183, 185.

Assault on a peace officer requires all three. First, the defendant must have acted "intentionally, knowingly, or recklessly." TEX. PENAL CODE § 22.01(a)(1) (2009). Second, the defendant must have "cause[d] bodily injury," *id.*, which is defined as "physical pain, illness, or any impairment of physical condition," *id.* § 1.07(a)(8). That definition necessarily means the defendant has used "force capable of causing physical pain or injury." *Reyes-Contreras*, 910 F.3d at 185; *see also United States v. Castleman*, 572 U.S. 157, 169–70 (2014) (explaining "the knowing or intentional causation of bodily injury necessarily involves the use of physical force" and "a 'bodily injury' must result from 'physical force.'").[3] Finally, the offense requires the use of force against the person of another—specifically, a public servant. TEX. PENAL CODE § 22.01(b)(1) (2009). A conviction for assaulting a peace officer is therefore a COV under the use-of-force clause.

The sentence is AFFIRMED.

---

[3] We assume without deciding that "impairment of physical condition," TEX. PENAL CODE § 1.07(a)(8), could be interpreted to include an injury that occurred without physical force, *see Castleman*, 572 U.S. at 170 (acknowledging, without deciding, that when "bodily injury" is defined broadly it may contain forms of injury that do not require violent force). But that theoretical possibility is insufficient to show assaulting a peace officer is not a COV. Rather, "there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the [use-of-force clause]." *Reyes-Contreras*, 910 F.3d at 184 & n.35 (quotation omitted). "In short, without supporting state case law, interpreting a state statute's text alone is simply not enough to establish the necessary 'realistic probability.'" *United States v. Castillo-Rivera*, 853 F.3d 218, 223 (5th Cir. 2017) (en banc) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). De La Rosa failed to make this realistic probability showing.