# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2022

Lyle W. Cayce
Clerk

No. 21-40652

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerson Orellana-Villegas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-243-1

Before King, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Gerson Orellana-Villegas pleaded guilty to being found illegally present in the United States after having been previously deported. He appeals his judgment and sentence. For the following reasons, we AFFIRM the judgment and sentence as modified by REMAND to correct it.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40652

## I.

Orellana-Villegas pleaded guilty to one count of reentry of deported noncitizen, in violation of 8 U.S.C. § 1326(a) & (b).  He had previously been deported in 2015 after he was convicted for sexually assaulting a child in violation of the Texas Penal Code.  Orellana-Villegas's presentence report ("PSR") classified this conviction (1) as a "crime of violence," supporting a 16-level sentence enhancement, *see* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015); and (2) as an "aggravated felony" within the meaning of 8 U.S.C. § 1326(b)(2).  Accordingly, the PSR identified a Sentencing Guidelines range of 70–87 months[1] and a maximum term of imprisonment of 20 years.  Orellana-Villegas raised no substantive objections to the PSR.

The district court subsequently conducted a sentencing hearing in which it adopted the PSR's factual findings and application of the Guidelines.  However, the district court expressed concern with the severity of Orellana-Villegas's conduct and determined an upward variance was warranted.  After considering the factors in 18 U.S.C. § 3553(a), the court instead imposed an imprisonment term of 120 months.  Orellana-Villegas timely appealed.

## II.

On appeal, Orellana-Villegas argues that his sentence should be vacated for two reasons: (1) the court erred in imposing the 16-level enhancement, and (2) the court incorrectly identified § 1326(b)(2) as the sentencing statute.  As Orellana-Villegas concedes, he did not raise either issue before the district court.  We thus review only for plain error.  *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010).  Under this

---

[1] The PSR's calculation was premised on a base offense level of 8, a 16-level enhancement, and a 3-level reduction for acceptance of responsibility amounting to a total offense level of 21.

standard, Orellana-Villegas must demonstrate "(1) there was an error; (2) the error was clear or obvious; (3) the error affected his . . . substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to reverse." *United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017).

## III.

We begin with the 16-level enhancement. The parties agree—and so do we—that the district court committed a clear and obvious error in applying the 16-level enhancement. The PSR applied this enhancement based on its conclusion that Orellana-Villegas had previously been deported after committing a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). But under Fifth Circuit precedent, Orellana-Villegas's underlying crime (sexual assault in violation of Texas Penal Code § 22.011(a)(2)) is not a "crime of violence" under the Sentencing Guidelines as they existed at the time of Orellana-Villegas's conviction. *United States v. Hernandez-Avila*, 892 F.3d 771, 773 (5th Cir. 2018) (per curiam). Thus, the 16-level enhancement was inapplicable, and the district court clearly erred in applying it. As such, Orellana-Villegas readily satisfies the first two prongs of plain error review.

But Orellana-Villegas's success ceases here. Under the third prong of plain error review, Orellana-Villegas has the burden to prove that the district court's error affected his substantial rights—in other words, he must show that there is a reasonable probability that his sentence would have been different but for the district court's alleged error. *United States v. Lara*, 23 F.4th 459, 477 (5th Cir.), *cert. denied*, 142 S. Ct. 2790 (2022). Yet, Orellana-Villegas failed entirely to brief this point. He advances no argument as to how his sentence would have differed if the court applied the correct-level enhancement. We conclude that his scant, inadequate briefing constitutes waiver of the issue. *United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir.

2009) (holding that the defendant's failure to explain her assertions or provide citations to the record or relevant law constituted waiver for inadequate briefing).

But even assuming arguendo that Orellana-Villegas preserved this issue, his claim would still fail—Orellana-Villegas cannot establish that he would have received a lesser sentence if the PSR had applied the correct level enhancement. To be sure, a defendant's substantial rights may be affected where "the record is silent as to what the district court might have done had it considered the correct Guidelines range." *United States v. Blanco*, 27 F.4th 375, 381 (5th Cir. 2022) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016))). But that's not the case here. To the contrary, the district court plainly expressed, on the record, its concern about the seriousness of Orellana-Villegas's conduct, its desire to deter Orellana-Villegas from committing future crimes, and its intention to protect the public from harm. The district court did not reference the Guidelines range while imposing the sentence; instead, it indicated that it "thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200; *see also United States v. Nino-Carreon*, 910 F.3d 194, 197–98 (5th Cir. 2018) (holding that the defendant failed to show an effect on his substantial rights where the district court concentrated on his extensive criminal history and determined that an upward variance was warranted based on § 3553 sentencing factors).

Because Orellana-Villegas has failed to demonstrate that his sentence would have differed absent the 16-level enhancement, he cannot establish plain error.[2]

---

[2] Because Orellana-Villegas's claim fails the third prong of plain error review, we need not address the fourth.

**IV.**

We finally address Orellana-Villegas's argument that the PSR erroneously identified § 1326(b)(2) as the relevant sentencing statute. The parties again agree that the district court committed clear error when it used Orellana-Villegas's sexual assault conviction as a basis for his sentence under this section. We join in that agreement.

Ordinarily, the statutory maximum term of imprisonment for an illegal reentry offense is 2 years. 8 U.S.C. § 1326(a). That maximum increases, however, to 10 years for a noncitizen who was removed after a felony conviction, *see id.* § 1326(b)(1), and to 20 years for a noncitizen who was removed after an aggravated felony conviction, *see id.* § 1326(b)(2). But our court has held that sexual assault under the Texas Penal Code does not constitute an aggravated felony under § 1326(b)(2). *See United States v. Santos-Gabino*, 732 F. App'x 320, 321 (5th Cir. 2018) (per curiam) (unpublished) (citing *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1572–73 (2017); *Hernandez-Avila*, 892 F.3d at 771; *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)); *cf. United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (mem.) (holding that Tennessee statutory rape conviction did not qualify as an aggravated felony for purposes of § 1326(b)(2)). Thus, the district court erred—Orellana-Villegas's judgment of conviction should have been under § 1326(b)(1), rather than § 1326(b)(2).

As to the third prong of plain error review, Orellana-Villegas again fails to adequately brief how this error affected his substantial rights. As discussed above, the district court indicated that it believed Orellana-Villegas should be incarcerated for an above-Guidelines sentence. Further, the 120-month term still falls squarely within the statutory maximum under the

correct section.[3]   Nevertheless, we recognize that a conviction under § 1326(b)(2) could have collateral consequences, *see Ovalle-Garcia*, 868 F.3d at 314, and therefore it's at least conceivable that Orellana-Villegas's substantial rights were affected by the court's error.

Thus, we AFFIRM the sentence but REMAND to the district court to correct the judgment to reflect the conviction and sentencing under 8 U.S.C. § 1326(b)(1) instead of § 1326(b)(2).

---

[3] Moreover, Orellana-Villegas's counsel conceded that "a reasonable variance upwards of maybe 120 months would be substantial and would protect society." Given this concession, it's difficult to fathom how the district court's acceptance of that recommendation affected Orellana-Villegas's substantial rights.